EUDORA BARNETT, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, May 31, 1909.

1. APPEAL AND ERROR: Verdict. A verdict will not be set aside on appeal unless the finding upon which the judgment is rendered is in opposition to the undisputed physical facts.

2. CARRIERS: Passengers: Jury. Whether plaintiff was injured by the car starting with a jerk while she was attempting to alight therefrom, or whether she attempted to alight before the car had stopped, is a question for the jury.

Appeal from the Jackson Circuit Court.—*Hon. John G. Park*, Judge.

AFFIRMED.

*John H. Lucas, F. G. Johnson* and *C. S. McLane* for appellant.

The verdict should be set aside because it is so contrary to the great preponderance of the evidence, and so in opposition to the undisputed physical facts and laws of motion and physical forces as to compel the conclusion that the jury failed to consider all of the evidence and were influenced by passion and prejudice, and yielded to a partisan bias. Commissioners v. Clark, 94 U. S. 284; Powell v. Railway, 76 Mo. 80; Garrett v. Greenwell, 92

Mo. 120; State v. Primm, 98 Mo. 368; Chitty v. Railway, 148 Mo. 78; Reichenback v. Ellerbee, 115 Mo. 595; Spiro v. Transit Co., 102 Mo. App. 262; Jackson v. Hardin, 83 Mo. 186; Meier v. Proctor & Gamble Co., 81 Mo. App. 420; Kennedy v. Transit Co., 103 Mo. App. 1; Lehnick v. Railway, 118 Mo. App. 611; Bowlin v. Railroad, 125 Mo. App. 419; Pickens v. Railway, 125 Mo. App. 669; Nugent v. Milling Co., 131 Mo. 252; Payne v. Railroad, 136 Mo. 579; Hook v. Railway, 162 Mo. 580.

*C. F. Mead* and *John C. Stearns* for respondent.

The court will not disturb a verdict on the ground merely that it is against the weight of the evidence, unless it can be seen that the preponderance is so great as to imply some gross partiality, or some prejudice, or misconduct on the part of the jury. Spohn v. Railway, 87 Mo. 74; Bowlin v. Railroad, 125 Mo. App. 419; Pickens v. Railway, 125 Mo. App. 669.

BROADDUS, P. J.—This is a suit for damages for injuries sustained by plaintiff alleged to have been the result of the negligence of the defendant—the sudden starting of one of its cars on which plaintiff was a passenger while she was in the act of alighting therefrom.

The plaintiff's evidence disclosed that about 7 o'clock p. m. November 8, 1906, the car on which she was a passenger on the defendant's Independence line stopped at Olive street for the purpose of allowing passengers, who desired to do so, to get off; that one passenger preceded her and had got off while the car was slowing down; that immediately she stepped down on the steps of the car, with her left hand grasping the handrail at the rear end of the car; that, as the car came to a stand and as she raised her foot to step down, the car gave a sudden jerk or lurch forward, which threw her feet out from the step, and that she fell to the ground, her body striking on the left side. with her feet to the

south and her head to the north towards the car and on a line with the rear end of the platform. She sustained severe injuries as the result of her fall.

The defendant's testimony was to the effect that plaintiff attempted to get off the car while it was in motion against the warning of the conductor to wait until the car stopped; that she was facing south and fell on her left side to the pavement and to the east, and the car stopped four or five feet ahead of her body. The testimony of another witness of defendant was similar. Both state, as did plaintiff, the car moved but a few feet after the latter fell.

The plaintiff recovered judgment and defendant appealed.

The defendant's position is as follows: "The verdict should be set aside because it is so contrary to the great preponderance of the evidence, and so in opposition to the undisputed physical facts and laws of motion and physical forces, as to compel the conclusion that the jury failed to consider all of the evidence and were influenced by passion and prejudice, and yielded to a partisan bias."

In the first place, we are not permitted to overturn the verdict of a jury because of a preponderance of the evidence even when that preponderance is great. In such instances, the duty of setting aside the verdict of a jury devolves upon the trial judge. If the finding upon which the judgment is rendered is in opposition to the undisputed physical facts, it would be the duty of the appellate court to reverse the judgment.

It is the contention of defendant that, if the plaintiff was thrown from the car, as she stated, while starting up with a sudden jerk and while she was holding the rail with her left hand, with her face to the south, she could not have fallen on her left side with her feet to the south and her head to the north on a line with the rear end of the vestibule of the car.

The only conflict in the evidence is as to whether plaintiff attempted to alight after the car had stopped

and it started with a jerk, according to plaintiff's evidence, or that she attempted to alight before the car had stopped. There were two witnesses on each side. It was therefore a question of credibility, which was a matter solely for the jury.

Defendant contends that, if she got off the car after it started up, with her left hand holding the rail and her face to the south, she could not have fallen with her feet outward and her head towards the car, but would necessarily have fallen backward with her head to the south and her feet towards the car and somewhat horizontally with it. Usually, we would conclude that defendant was right in its theory. But sometimes things occur that seem unnatural and incredible. When we take into consideration the fact that plaintiff had hold of the handrail of the car when the car started up with a jerk, it was possible for her to fall with her head towards the car and her feet outward. It would depend somewhat upon the force of her grip upon the handrail. If it was slight, her feet would be the last part of her body to leave the platform, but if the grip was forcible the feet would be thrown from under her first and she would fall with her feet outward and her head towards the car, as she said she fell. As was said in Pickens v. Railroad, 125 Mo. App. 669, the resistance offered by the handhold could have greatly influenced the direction and nature of her fall. And "so unfrequently do unlooked-for results attend the meeting of interacting forces that courts, in such cases, should not indulge in arbitrary deductions from physical law and fact except when they appear to be so clear and irrefutable that no room is left for the entertainment, by reasonable minds, of any other."

As this was the only question raised on the appeal, the cause is affirmed. All concur.