R. T. BERRY, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, May 15, 1911.**

**CARRIERS OF PASSENGERS: Negligence: Sudden Start.** Plaintiff sued for damages for injuries received by the sudden starting of an electric street car as he was about to alight therefrom. When the car stopped he prepared to step off when it started suddenly, throwing him on his left side to the pavement, inflicting injuries. There was no evidence whether or not plaintiff had hold of a handhold. *Held* that the demurrer to the evidence was properly overruled. It will be presumed that plaintiff was alighting in the usual way.

Appeal from Jackson Circuit Court.—*Hon. James. H. Slover,* Judge.

.AFFIRMED.

*John H. Lucas* for appellant.

The court erred in not sustaining defendant's motion in arrest of judgment for the reason "that the petition on its face does not state facts sufficient to constitute a cause of action." The court erred in overruling the defendant's motion for a new trial, for the reason that the peremptory instruction in the nature of a demurrer to the evidence asked by defendant at the close of plaintiff's case and renewed at the conclusion of all of the evidence should have been given but was refused. Scroggins v. Met. St. Ry. Co., 138 Mo. App. 215; Payne v. Railroad, 136 Mo. 562; Hook v. Railroad, 162 Mo. 569; Gurley v. Railroad, 104 Mo. 211.

*Boyle & Howell* for respondent.

JOHNSON, J.—Action to recover damages for personal injuries alleged to have been caused by the negligence of defendant.  Plaintiff was a passenger on a westbound electric street car operated by defendant on Ninth street in Kansas City and was injured in alighting from the car.   He testified that he notified the conductor of his destination, that the car stopped at that place to receive and discharge passengers; that while it was coming to a stop he left his seat, went into the rear vestibule, and when the car stopped, he started to step down to the pavement and that, as he was making the last step, the car suddenly started forward and threw him to the pavement inflicting the injuries of which he complains.   We quote from his testimony:

"I went on the platform about the safety stop, and as it went on down to the store, the car ran down so slow and came down to a stop, I was on the vestibule as it slowed down there, I stepped out on the step and when it came to a stop as I was swinging this foot, why, it suddenly started, and threw me; my head struck there on this left shoulder and arm, on my left side."

The evidence of defendant contradicts that of plaintiff and is to the effect that plaintiff did not wait for the car to stop but stepped from it while it was moving.

The averment of negligence in the petition is as follows: "While said car was slowing down plaintiff prepared to alight from the same when said car should come to a stop, and while he was standing on the lower step of said car and while said car was moving at a very slow rate of speed or had come to  stop the defendant negligently caused the same to be started forward throwing plaintiff from his balance and to the ground, causing severe injuries to his left shoulder and arm and his left eye and face."

Two assignments of error are argued by defendant, viz., that the petition does not state a cause of action and that the demurrer to the evidence offered by defend-

ant should have been given.   Both assignments depend
for support on the single proposition urged by defend-
ant that plaintiff's pleaded and evidentiary account of
the manner of his injury is so unreasonable that no
credit should be given it.   The evidence fails to disclose
whether or not plaintiff, who was facing north at the
time he was stepping to the street, had hold of a hand-
hold, and it appears to be the thought of counsel for de-
fendant that in the consideration of the question of
whether plaintiff's testimony is wholly deficient in pro-
bative value, we must assume that he was alighting from
the car without availing himself of the support of a
handhold.

    With this premise it is argued that a sudden for-
ward jerk could not have thrown plaintiff in a manner
to cause him to strike the pavement on his left side.
The initial fault of the argument is that it rests on a
false premise.   As has been said so often, it is not within
the province of an appellate court to weigh evidence or
pass on the credibility of witnesses except for the single
purpose of ascertaining whether or not the evidence in
question possesses any weight.   The testimony of a wit-
ness should not be rejected as wholly worthless unless
on its face it is so inconsistent, either with itself, or with
physical laws or facts of common knowledge, that no
reasonable mind would accept it as true.

    The testimony of plaintiff discloses no such incon-
sistency and the logical unsoundness of defendant's argu-
ment is apparent.   In effect we are asked to pronounce
as impossible and untrue that which, on its face, was
possible and, therefore, could have been true.   Defend-
ant concedes that if plaintiff had been holding to the
handhold at his left a sudden forward start of the car
could have thrown him in the way he states he was
thrown.   We so held in Barnett v. Railway, 138 Mo.
App. 192, and in Pickens v. Railway, 125 Mo. App. 669.
Plaintiff was not interrogated on the subject and for
aught shown in evidence may have been, and probably

was, alighting in the usual way of men who generally grasp the handhold at the left. If defendant wished to attack the testimony of plaintiff on the ground of inconsistency it should have brought out by cross examination the facts that would demonstrate the inconsistency. We have no right to assume in a law case that the evidence of a credible witness is false when it might be true.

The judgment is affirmed. All concur.